## W. C. KING v. WILLIAM HARRISON.

JUDGMENT, *Offer to Confess; Tender; Costs.* Where an action is commenced before a justice of the peace to recover money upon an account for oats sold and delivered, and the defendant offers in writing to allow judgment to be taken against him for a sum less than the amount afterward recovered, and does not make any tender to the plaintiff; does not allege any tender of money in his answer; and does not ·deposit any money in court, the plaintiff is entitled to costs, as of course, upon the judgment in his favor.

*Error from Jackson District Court.* ·

ACTION by *Harrison* against *King*, to recover on an account for oats sold and delivered to defendant. Trial at the November Term, 1883, and judgment for plaintiff. *King* brings the case to this court. The facts appear in the opinion.

*Lowell & Walker*, for plaintiff in error.

*Hayden & Hayden*, for defendant in error.

The opinion of the court was delivered by ·

HORTON, C. J.: Harrison filed his bill of particulars before a justice of the peace, alleging that King was indebted to him in the sum of $167.53, with interest from 25th day of July, 1883, upon an account for oats sold and delivered. The defendant before trial offered in writing to allow judgment to be taken against him for $99.70. The plaintiff did not accept the offer, and recovered before the justice judgment for $167.53, with interest, and also his costs, $13.05. The defendant appealed to the district court. Trial had before the court, with a jury. A verdict was returned for the plaintiff for $115.70. Judgment was rendered upon the verdict, and it was also adjudged that the defendant pay the costs, taxed at $122.99. King excepted to the rendition of the judgment for costs, and brings the case here.

Sec. 117 of the justices act provides:

"If the defendant, any time before trial, offers in writing to

allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor, with the costs then accrued; but if he do not accept such offer before the trial, and fails to recover in the action a sum equal to the offer, he cannot recover costs accrued after the offer, but costs must be adjudged against him; but the offer and a failure to accept it cannot be given in evidence, or mentioned on the trial."

As the plaintiff recovered a sum in excess of the offer of the defendant, said section does not aid the defendant, and therefore has no application in this case.

Sec. 589 of the code reads:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff upon a judgment in his favor in actions for the recovery of money only, or for the recovery of specific real or personal property."

Under this provision of the statute, as it is not otherwise provided, the plaintiff was entitled, as a matter of course, upon the rendition of the judgment in his favor, to recover costs. The argument made by counsel representing defendant below applies to the judgment with the same force that it does to the costs. If the judgment was properly rendered upon the verdict, there was no error in allowing costs to follow. It is claimed that King was merely a trustee for Harrison, and therefore that the latter ought to have demanded of King the precise amount held by him as trustee, before commencing his action, and that as he demanded a sum greatly in excess of that rightfully belonging to him, he should be liable for the costs of asserting his claim. Even if King were a trustee only, the mere fact that Harrison demanded of him a sum in excess of the actual amount due would not defeat his action, or prevent the allowance to him of costs upon the rendition of a judgment in his favor. The evidence of King shows that he denied he bought the oats, and that he claimed he merely aided Harrison in getting them to market. On the other hand, it appears from the evidence that Harrison insisted that King bought of him 761 bushels of oats at 22 cents a bushel. How the jury viewed this evidence we cannot tell, excepting from the verdict.

The evidence does not show a tender on the part of King of $115.70, or any other amount; he did not allege in his answer the tender of any money; he did not deposit any money in court; and did not offer to allow judgment to be taken against him for the sum due to Harrison. In fact he did nothing to relieve himself from his liability upon the account sued on, or from the payment of costs.

Under these circumstances, the claim of King is not well founded, and the judgment of the district court must be affirmed.

All the Justices concurring.